### LABAN S. BEECHER *vs.* MILES MAYALL & others.

If a contract of sale of personal property, under which it has been delivered to the buyer, is rescinded by agreement of the parties, and the buyer retains possession for the purpose of repairing the property for the seller, no further act is necessary to revest the title in the seller.

In a controversy between two concerning the title to personal property, conversations between one of them and third persons, who are referred by the other to him as the owner, are not admissible in his favor.

ACTION OF TORT for the conversion of two steam boilers. At the trial in the court of common pleas at December term 1858, before *Morris,* J., the plaintiff offered evidence tending to show property in himself in 1850, and a conversion by the defendants.

The plaintiff upon cross-examination testified that in 1851 he agreed with one Sherman, then in partnership with the defendant Mayall, to sell, and did sell to the firm the two boilers, together with other property, for five hundred dollars; that all the property was thereupon taken possession of by the firm and removed to their machine shop; but before any bill of sale was made, or any part of the price paid, Sherman came to the plaintiff again, stated that Mayall was dissatisfied with the bar-

gain, and asked that it should be cancelled, to which the plaintiff consented, and the plaintiff and Sherman then agreed that Sherman & Mayall should repair the two boilers and a steam engine for the plaintiff, and retain as compensation therefor the other articles included in the original sale.

The plaintiff also introduced evidence that Mayall afterwards referred several persons, who applied to him to purchase the boilers, to the plaintiff as the owner of them. The plaintiff offered evidence that these same persons afterwards applied to him as the owner of the boilers and desired to purchase them; but this evidence was rejected.

The defendants claimed title under the sale above mentioned, and contended that the subsequent rescission and agreement for repairs did not operate to revest the property in the plaintiff, for want of a redelivery. The plaintiff contended " that the rescission and agreement were sufficient to revest the property in him, if such was the intention of the parties, and it was contemplated by neither of them that any further act should be done to perfect the transfer."

The judge instructed the jury, " that if the sale from the plaintiff to Sherman & Mayall was perfected by a delivery, then the property passed, and the contract, being executed, could not, properly speaking, be rescinded by the parties; but that if the agreement subsequently made between the plaintiff and Sherman, although denominated by them a rescission, was virtually an agreement to retransfer the property to the plaintiff, and so intended by them, then, by whatever name called, it would, in its legal effect, be a resale; but that, in order to such effect, the same legal requisites were necessary as in the original sale from the plaintiff to them; that one of these requisites was delivery, either actual or constructive ; that slight evidence of delivery would be sufficient, particularly in property of this description ; and that the jury might presume such delivery from subsequent acts of control and possession on the part of the plaintiff, if proved; that if, by the agreement of the plaintiff and Sherman, the boilers were not to be the plaintiff's property until they had been repaired and put in order, then until that

had been done the property would remain in Sherman & Mayall; otherwise, the property would pass immediately, if such was the intent of the parties." The jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*W. Gaston & J. W. May,* for the plaintiff.

*W. L. Burt,* for the defendants.

DEWEY, J. If the jury found the facts to be such as are stated in the bill of exceptions, as the evidence of a sale to Sherman & Mayall, and a resale, on surrendering to the plaintiff all the rights acquired by the original contract of sale, any further evidence of delivery, by subsequent acts of the parties, was unnecessary. If upon the resale it was stipulated that Sherman & Mayall were to proceed to repair the property, and were to have the possession for that purpose merely, their possession would be the possession of the plaintiff. The instruction asked by the plaintiff upon this point was substantially correct.

The ruling of the court, as given to the jury, although perhaps not so intended, was stated with such additional qualifications and requirements as would naturally lead the jury to suppose something more to be necessary, beyond the facts which it is stated the evidence tended to prove, to authorize them to find a valid transfer of the property to the plaintiff, divested of all the rights to the same acquired by Sherman & Mayall by the sale to them. Thus the instructions " that slight evidence of delivery would be sufficient," and " that the jury might presume such delivery from subsequent acts of control and possession on the part of the plaintiff, if proved," assumed that something was necessary to be shown, beyond the contract to give up the sale and retransfer the property to the plaintiffs and keep the possession of the same for the purpose of making repairs in pursuance of the condition of the resale to the plaintiff.

For these reasons, the court are of opinion that the verdict should be set aside and a new trial had.

The court properly excluded the evidence offered by the plaintiff, that various persons had applied to the plaintiff for the purchase of these articles subsequently to the transactions and

agreements with Sherman & Mayall, and that such persons had treated with the plaintiff as the owner of the same. This evidence was incompetent. *Exceptions sustained.*